JACOB WEXLER, Doing Business under the Firm Name and Style of EAGLE ROOFING AND SHEET METAL WORKS, Respondent, v. JACOB R. SCHIFF, Appellant.

Supreme Court, Appellate Term, First Department, December 12, 1933.

*Schiff, Dorfman & Stein* [*Samuel W. Dorfman* of counsel], for the appellant.

*Emanuel Wexler*, for the respondent.

*Charles Howard Levitt*, as *amicus curiæ*.

PER CURIAM. As to the sums received by the owner under the modified building loan agreement of July 28, 1932, to complete the improvement the $2,500 payment by defendant in behalf of the owner for an assignment to the owner of the existing second mortgage of $49,700, was made prior to the " initial advance " under the modified loan agreement (Lien Law, § 2), and the failure to include that item as a cost of improvement or otherwise under the modified contract entitles the plaintiff, a lienor improving the property subsequent to the modified agreement, to recover from the defendant as trustee (Lien Law, § 36) the amount of his lien.

Judgment and order affirmed, with ten dollars costs.

LEVY and CALLAHAN, JJ., concur.

LYDON, J. (dissenting). The moneys here in question were all used in a perfectly proper way in the prosecution of the building enterprise and for purposes included in the statutory definition of the cost of the improvement. (Lien Law, § 2.) The natural right of defendant to retain the moneys paid over to him is superior to any right of plaintiff, a subsequent lienor, to claim them. The moneys had been used to enhance the value of the equity in the property which was subject to plaintiff's lien. If plaintiff is to prevail, it must be because the statute compels a judgment in his favor. The prevailing opinion holds that it does. It is not questioned that the entire $7,000 was expended as part of the cost of the improvement. But because the payment of $2,500 of that sum was made prior to the initial advance under the modified loan agreement of July 28, 1932, and was not mentioned, or " itemized," in that agreement, it is held that plaintiff may recover. But the payment was not made prior to the original loan agreement of May 22, 1931, and that was the only agreement in existence when the payment was made, on July 25, 1932. Having been made subsequent to the original agreement, and as part of the cost of the improvement, the payment was not required to be " itemized " in that agreement. The fact that the original agreement was modified on July 28, 1932, and continued in existence as modified, cannot affect a payment properly made before the modification occurred.

I vote for reversal and denial of the motion.

Present — LYDON, LEVY and CALLAHAN, JJ.